[Cite as *State v. Knox*, 2019-Ohio-2265.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    17CA011233 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARRY KNOX | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    15CR092937 |

DECISION AND JOURNAL ENTRY

Dated: June 10, 2019

CARR, Judge.

{¶1}    Appellant, Larry Knox, appeals the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In 1999, Knox was convicted of sexual imposition and gross sexual imposition in the Lorain County Court of Common Pleas.  At that time, he was classified as a sexual predator. Though Knox was reclassified under the Adam Walsh Act, the trial court ultimately reinstated Knox's classification as a sexual predator under Megan's Law pursuant to *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424.  Knox was subsequently charged with failure to verify his address in Cuyahoga County.  On October 1, 2015, the trial court granted a motion to dismiss on the basis that Knox had not been properly notified of his duties to register at the time his sexual predator classification was reinstated.  The trial court notified Knox of his duties to register at that time.

{¶3}    On January 22, 2016, the Lorain County Grand Jury indicted Knox on one count of failure to register as a sexually oriented offender.    Knox invoked his right to self-representation and the matter proceeded to a bench trial.    Knox was found guilty of the sole charge in the indictment.    The trial court sentenced Knox to a 24-month term of incarceration.

{¶4}    On appeal, Knox raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE FAILURE OF THE TRIAL COURT TO RAISE "SUA SPONTE" THE ISSUE OF THE DEFENDANT'S COMPETENCY WAS AN ABUSE OF DISCRETION.   THIS FAILURE LED TO A VIOLATION OF KNOX'S DUE PROCESS RIGHTS.

{¶5}    In his first assignment of error, Knox contends that the trial court abused its discretion by failing to sua sponte raise the issue of his competency to stand trial.    This Court disagrees.

{¶6}    When an appellant argues that the trial court should have sua sponte raised the issue of competency based, at least in part, on events that transpired during trial, the trial court's decision as to whether to hold a competency hearing is reviewed for an abuse of discretion.  *State v. Rahman*, 23 Ohio St.3d 146, 156 (1986).  An abuse of discretion indicates that the trial court's attitude was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7}    R.C. 2945.37(B) provides as follows:

{¶8}    In a criminal action in a court of common pleas, * * * the court, the prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section.  If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

{¶9}   In Ohio, a criminal defendant is presumed to be competent to stand trial.  R.C. 2945.37(G).  Notably, however, a defendant who "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."  *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 155, quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975).  "R.C. 2945.37 protects a defendant's right not to be tried or convicted while incompetent, which is a fundamental due process right."  *State v. Smith*, 9th Dist. Summit No. 27389, 2015-Ohio-2842, ¶ 10, citing *State v. Were*, 94 Ohio St.3d 173, 174 (2002).  "An evidentiary competency hearing is constitutionally required whenever there are sufficient indicia of incompetency to call into doubt defendant's competency to stand trial."  *Were* at paragraph two of the syllabus.

{¶10}   Knox points to numerous parts of the record in support of his position that the trial court should have sua sponte raised the issue of his competency.  For example, at arraignment, Knox refused to enter a plea and stated that he was appearing before the court "under protest and duress[.]"  He renewed his protest to the proceedings at various stages of this matter.  Furthermore, after electing to represent himself before the trial court, Knox filed a number of motions that were misguided and seemingly unrelated to this case.  The trial court found one of his filings to be "[un]intelligible and rambling."  The State took the initiative to request that the trial court appoint advisory counsel for Knox.  Knox was homeless for a period of time and he repeatedly displayed a lack of trust in the judicial system.  Finally, Knox appeared to conflate this matter with other cases where he was a defendant in Cuyahoga County.

{¶11}   A thorough review of the record reveals that Knox's argument is without merit. While Knox's objections to the proceedings were, at times, bizarre, it is well settled that while "unusual beliefs * * * may go so far as to obstruct trial court proceedings, they are not indicia of

incompetency that require a hearing." *State v. Tucker*, 9th Dist. Lorain No. 13CA010339, 2016-Ohio-1353, ¶ 8. A review of the trial transcript suggests that Knox was fully engaged throughout the proceedings below. Although it is apparent that Knox misunderstood and misapplied a number of legal doctrines, his actions before the trial court indicated that he understood the nature of the charge against him. Notably, when Knox indicated that he intended to proceed pro se, the trial court engaged in an extended dialogue with Knox and observed that he was a "very bright, intelligent individual[.]" Advisory counsel echoed similar sentiments. We are further mindful that, with respect to competency issues, deference should be granted to those "who see and hear what goes on in the courtroom." *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, ¶ 68, quoting *State v. Cowans*, 87 Ohio St.3d 68, 84 (1999). Under these circumstances, where the trial court had ample opportunity to observe Knox in open court and review his filings, we cannot say that the trial court abused its discretion in declining to sua sponte raise the issue of Knox's competency.

{¶12} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE EVIDENCE IN THIS MATTER WAS INSUFFICIENT TO CONVICT THE APPELLANT OF FAILURE TO REGISTER UNDER [R.C.] 2950.04(E).

{¶13} In his second assignment of error, Knox argues that the State failed to present sufficient evidence to convict him of violating R.C. 2950.04(E). This Court disagrees.

{¶14} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶15} Knox was convicted of failing to register in violation of R.C. 2950.04(E). Knox offers a succinct argument in support of his assignment of error. Namely, Knox contends that the State failed to present evidence demonstrating that he resided in Lorain County for seven consecutive days.[1]

{¶16} The State presented evidence at trial that supported the following narrative. As of September 30, 2015, Knox was registered at a homeless shelter in Cuyahoga County located at 2100 Lakeside, Ave., Cleveland, Ohio. In October 2015, Detective Kathleen Olesiak of the Cuyahoga County Sheriff's Office received a tip that Knox might be residing in Lorain County. Detective Olesiak was familiar with Knox because she had recently been involved in a criminal prosecution against him in Cuyahoga County. Knox was released from the Cuyahoga County jail on October 1, 2015 after the charges against him were dismissed. Thereafter, Detective

---

[1] R.C. 2950.04(E) provides that "[n]o person who is required to register pursuant to [R.C. 2950.04(A)] * * * shall fail to register[.]" The current version of R.C. 2950.04(A)(2)(a) states that "[r]egardless of when the sexually oriented offense was committed, each offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to a sexually oriented offense shall * * * register personally with the sheriff, or the sheriff's designee, of the county within *three* days of the offender's coming into a county in which the offender resides or temporarily is domiciled for more than *three* days." (Emphasis added.) On appeal, both Knox and the State filed briefs suggesting that the State was required to demonstrate that Knox either resided or was temporarily domiciled in Lorain County for seven consecutive days without registering. This Court notes the disparity between the three-day standard set forth in R.C. 2950.04(A)(2)(a) and the seven-day standard advanced by the parties. A review of the record reveals that the discrepancy is immaterial in this case as the evidence shows that Knox resided at 701 Dewitt St. in Lorain, Ohio, for more than seven consecutive days.

Olesiak was notified that Knox might be staying in Lorain County at 701 Dewitt St., Lorain, Ohio. Knox did not register a change of address in October 2015. When Detective Oleksiak attempted to verify that Knox was residing at the homeless shelter in Cleveland in October 2015, she determined that Knox had not been staying at the shelter.

{¶17} J.L. resided at the house located at 701 Dewitt St. where he helped care for an elderly man. J.L. had lived in the house for more than two years when Knox turned up at the residence. J.L. testified that Knox started living at 701 Dewitt St. in October 2015. Knox continued to live at the residence until J.L. moved out in December 2015. At trial, J.L. explained that Knox "gradually" moved into the house. When pressed on what he meant by "gradually," J.L. explained that at first Knox would stay some nights but would often arrive "early in the morning" and then "stay there and take off again at night." J.L. noted that Knox had a key to the house and that he would sleep there. J.L. further explained that he "would see [Knox] every day" and that Knox was at the house for "months." J.L.'s girlfriend, D.B. also testified that Knox was living at 701 Dewitt St. in October 2015.

{¶18} The Lorain County Sherriff's Office opened an investigation into whether Knox was living in Lorain County on October 15, 2015. Deputy Deborah Hurlburt met with J.L and D.B. on October 21, 2015. At that meeting, D.B. informed Deputy Hurlburt that Knox had been living at 701 Dewitt St. since approximately October 8, 2015. A number of law enforcement officials went to 701 Dewitt St. in an attempt to make contact with Mr. Knox. J.L. permitted the officers to enter the house. The officers entered the attic and discovered a sleeping bag, a pillow, and paperwork that belonged to Knox.

{¶19} In light of the aforementioned evidence, Knox's sufficiency challenge is without merit. While Knox attempts to highlight disparities in the witnesses testimony, we are mindful

that when reviewing the sufficiency of the evidence, this Court must construe the evidence in the light most favorable to the State. *Jenks*, 61 Ohio St.3d at 279. The aforementioned evidence demonstrated that Knox started living at 701 Dewitt St. in Lorain, Ohio as early as October 8, 2015, and he continued to live at that address for months. This evidence, when construed in the light most favorable to the State, was sufficient to sustain his conviction for failing to register in violation of R.C. 2950.04(E).

{¶20} Knox's second assignment of error is overruled.

### III.

{¶21} Knox's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JOHN D. TOTH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.